# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRACEY MYLES, et al.**                                **CIVIL ACTION**

**VERSUS**
                                                       **NO. 20-783-BAJ-SDJ**
**WALMART, INC.**

---

## ORDER

Before the Court is a pleading titled "Motion to Serve Summons and Complaint Motion for Discovery" ("Motion") (R Doc. 4) filed by *pro se* Plaintiffs Bracey Myles and Alfeda Lang on December 9, 2020. Because it is unclear to the Court what relief Plaintiffs are seeking, as explained in more detail below, Plaintiffs' Motion is **denied without prejudice**.

Plaintiffs' Motion appears to consist of two parts, a "Memorandum of Points and Authorities" and a "Proposed Order." In their "Memorandum of Points and Authorities," Plaintiffs state that "Plaintiff is a non-criminal" and reference "Documents included in (20-782)" as well as "orders of premature basis" and "formas pauperis order," both in "(20-782)."[1]  Plaintiff Bracey Myles previously filed a separate case with this Court—case number 3:20-cv-00782—which is pending before a different District Judge and different Magistrate Judge and is separate from the instant litigation. It appears to the Court that Plaintiffs are referencing documents that were filed in this other matter that have not been filed in the record for the instant case. Because those documents have not been filed in this case, the Court cannot consider them here. *See Knod v. Director, TDCJ-CID*, No. 11-140, 2011 WL 4101094, at *3 (E.D. Tex. Sept. 13, 2011) ("Petitioner

---

[1] R. Doc. 4 at 1. Plaintiffs also mention "homelessness" and "imminent loss of property due to loss of earning capacity" in this section. *Id.*

may not simply refer to documents in a separate case, no matter how similar he believes it is, and incorporate them into his instant petition…").

Similarly, Plaintiffs' "Proposed Order," in its entirety, lists the following three items: "Stay hearing scheduled for 21st of December (20-782)"; "Urgent matter"; and "GS WSN appointed to receive legal funding."[2]  To the Court, Plaintiffs' first item appears to be a request to take action in the separate litigation, which is not pending before the undersigned and on which the undersigned, therefore, cannot act.  Additionally, the Court does not know the meaning of "GS WSN" or the type of "legal funding" to which Plaintiffs are referring.  As such, the Court is unable to determine the relief being sought by the "Proposed Order" and, as a result, is unable to determine whether such relief is either available or warranted.

While the Court cannot determine what relief is being requested by Plaintiffs in the instant litigation, the Court notes that Plaintiffs title their Motion, in part, a "Motion to Serve Summons." To that end, if, in fact, Plaintiffs are seeking to have summons in this litigation served, they are directed to Form AO 440, "Summons in a Civil Case," available on this Court's website.[3]

Further, if, given this Court's denial without prejudice, Plaintiffs choose to refile this Motion, they are instructed that any documents they want considered in the instant litigation must be filed in this case, for example, as attachments to pleadings.  Along those same lines, Plaintiffs are informed that the undersigned, as well as the District Judge assigned to this case, cannot provide any relief in a separate case pending before this Court that is not specifically assigned to them, *i.e.*, the Judges assigned to the instant litigation cannot take any action in Case No. 3:20-cv-00782.

---

[2] *Id.*
[3] http://www.lamd.uscourts.gov/local-forms/all-local-forms.  The Court notes that Plaintiffs also title their Motion, in part, "Motion for Discovery."  However, the Court notes that is unable to find any references to a discovery issue in the Motion.

Accordingly,

**IT IS ORDERED** that Plaintiffs' "Motion to Serve Summons and Complaint Motion for

Discovery" (R Doc. 4) is **DENIED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on December 18, 2020.


_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**