## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRACEY MYLES, et al.**                                               **CIVIL ACTION**

**VERSUS**

                                                                                                 **NO. 20-783-BAJ-SDJ**

**WALMART INC.**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on November 23, 2022.

                                                                      **SCOTT D. JOHNSON**
                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRACEY MYLES, et al.** | **CIVIL ACTION** |
| **VERSUS** | |
| **WALMART INC.** | **NO. 20-783-BAJ-SDJ** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue to the United States District Court for the District of Kansas (R. Doc. 17), filed by Defendant, Walmart Inc. Plaintiffs, Bracey Myles and Alfreda Lang, who are proceeding *pro se* in this litigation, have not filed a response to this Motion, and the time for doing so has long passed. Finding oral argument not necessary and considering the Parties' arguments and pleadings, the facts alleged, and the applicable, law, it is recommended that Defendant's Motion to Dismiss be **denied in part** and **granted in part**, as set forth below.

### I.      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of alleged events occurring on June 16, 2020, at a "Walmart Supercenter" located in Holton, Kansas.[1] As alleged by Plaintiffs in their Complaint, "Plaintiffs along with their 3-month-old son" went to the Walmart Supercenter "to purchase groceries and baby formula."[2] After purchasing their items and paying for them at "the self-checkout register," Plaintiffs exited the store.[3] While loading their items in their car, "Plaintiffs were approached by

---

[1] R. Doc. 1 at 4.
[2] *Id.* at 9 ¶ 15.
[3] *Id.* at 10 ¶ 16.

two deputies of the Jackson County Sheriff's Office and an officer of the Holton Kansas Police Department."[4]  The law enforcement officers asked Plaintiff Alfreda Lang to produce the receipt for their purchases, "disclos[ing] to the Plaintiffs that they received a call from Walmart about a theft."[5]  Plaintiffs "were detained for approximately 20 minutes while the officers conducted an investigation," during which time their son remained in the vehicle.[6]  Ultimately, it was determined that Plaintiffs had not committed a theft, and they were allowed to leave.[7]

After this encounter, Plaintiff Bracey Myles "walked back inside the store to make a formal complaint while being followed by law enforcement as he entered."[8]  However, he "was denied the ability to make his complaint" and instead was told by two employees of Walmart "that he needed to leave the store."[9]  Unidentified "officers" then told him "he had to leave the property because Walmart did not want him on the premises."[10]  Plaintiff Myles returned to his vehicle and left the premises.[11]  Per Plaintiffs, at the time of this incident, "Plaintiffs were the only African Americans patronizing Walmart Supercenter in Holton, Kansas."[12]

Plaintiffs filed the instant litigation on November 17, 2020, alleging violations of 42 U.S.C. §§ 1981, 1982, 1983, and 1985, as well as false imprisonment, defamation per se, and intentional infliction of emotional distress.[13]  In response, on June 6, 2022, after the Court ordered service of Plaintiffs' Complaint on Defendant, Defendant filed the instant Motion to Dismiss, seeking

---

[4] *Id.* ¶ 17.
[5] *Id.* ¶ 19.
[6] *Id.* at 11 ¶ 20.
[7] *Id.*
[8] *Id.* ¶ 21.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* ¶ 22.
[13] R. Doc. 1 at 14-26 ¶¶ 27-67.

dismissal pursuant to Rule 12(b)(3) for improper venue or, alternatively, transfer of this matter to the District of Kansas.[14]  As stated above, no response to Defendant's Motion has been filed.

## II. DISCUSSION

In its Motion, Defendant first seeks dismissal of Plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(3) based on improper venue.  In the alternative, Defendant seeks a transfer of this matter to the District of Kansas.  The Court turns first to Defendant's Motion to Dismiss.

### A. Legal Standard for Motion to Dismiss for Improper Venue

"A motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) requires a district court to determine whether venue is supported by the federal venue statute, 28 U.S.C. § 1391."  *Ricks v. Cadorath Aerospace Lafayette, LLC*, No. 15-6686 c/w 16-2593, 2017 WL 590293, at *7 (E.D. La. Feb. 14, 2017).  If venue is not supported, "then pursuant to 28 U.S.C. § 1406(a), the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  *Id.* (citing 28 U.S.C. § 1406(a)) (internal quotations and modification omitted).  "Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he chose is the proper venue."  *Id.* (citing *Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995)).  In ruling on a Rule 12(b)(3) motion based on improper venue, a "court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."  *Id.* (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448-49 (5th Cir. 2008)).

---

[14] R. Doc. 17.

Section 1983 does not contain a specific venue provision. *Baker v. State of Tex.*, No. 16-08, 2016 WL 625090, at *1 (S.D. Tex. Jan. 13, 2016), *report and recommendation adopted*, 2016 WL 631427 (S.D. Tex. Feb. 16, 2016) (citing 42 U.S.C. § 1983). "Venue is, therefore, determined under the general venue provision in 28 U.S.C. § 1391(b)." *Id.*; *see also Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977) (recognizing 28 U.S.C. § 1391(b) as the venue provision governing § 1983 actions). As set forth in 28 U.S.C. § 1391(b):

> A civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Stated more succinctly, "venue for a Section 1983 action lies in the judicial district where a defendant resides, or in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred." *Baker*, 2016 WL 625090, at *1 (citation and modification omitted). "When a § 1983 complaint is filed in the wrong venue, the court presiding in that venue has the discretion to (1) dismiss the complaint without prejudice to its filing in the correct venue; or (2) transfer the complaint to the correct venue, if transfer is in the interest of justice." *Id.* at *2 (citing *Lowery v. Estelle,* 533 F.2d 265, 267 (5th Cir.1976); *McClintock v. Sch. Bd. E. Feliciana Parish,* 299 F. App'x 363, 366 (5th Cir.2008)).

**B.     Analysis**

**1.     Whether Venue is Proper in the Middle District of Louisiana**

The Court turns first to whether venue in the Middle District of Louisiana is proper pursuant to 28 U.S.C. § 1391(b).  Because the events giving rise to this litigation occurred only in Kansas, and no connection between those events in Kansas and the Middle District of Louisiana has been alleged, the Court must determine whether venue is proper here under either option one or option three of section 1391(b); option two does not apply.  According to Section 1391(b)(1), a suit may be brought in "a judicial district in which any defendant resides."  Defendant here is Walmart Inc., a corporation.  "For purposes of venue, a defendant corporation is deemed to reside in any judicial district in which it would be subject to the court's personal jurisdiction."  *Ricks*, 2017 WL 590293, at *7.  "The venue statute further instructs that where, as here, a state has more than one judicial district, a defendant corporation 'shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.'"  *Id.* (quoting 28 U.S.C. § 1391(c)).  There are two types of personal jurisdiction—specific jurisdiction and general jurisdiction.  *O'Quin v. Fin. Servs. Online, Inc.*, No. 18-36, 2018 WL 5316360, at *5 (M.D. La. Oct. 26, 2018) (citing *Bristol-Myers-Squibb Co. v. Superior Court of Cal.,* --- U.S. ---, 137 S.Ct. 1773, 1779 (2017)).

"'Specific' jurisdiction, sometimes referred to as 'case-linked' or 'conduct-linked' jurisdiction, requires an 'affiliation between the forum and the underlying controversy.'"  *Id.* (quoting *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)) (modification omitted).  For specific jurisdiction to exist, "there must be an affiliation between the

forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Id.* at *6 (quoting *Bristol-Myers-Squibb*, 137 S.Ct. at 1780 (internal quotations and modification omitted). The suit must arise out of or relate to the defendant's contacts with the forum. *Id.* (citing *Bristol-Myers-Squibb*, 137 S.Ct. at 1780). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (quoting *Bristol-Myers-Squibb*, 137 S.Ct. at 1780). Here, as all events underlying this litigation occurred only in Kansas, the Court clearly lacks specific jurisdiction over Defendant in this matter. The question now becomes whether the Court has general jurisdiction over Defendant.

"General jurisdiction requires a showing of substantial, continuous, and systematic contacts between a non-resident defendant and a forum." *McCall v. Prudential Life Ins. Co. of Am.*, No. 16-1200, 2017 WL 3951702, at *6 (E.D. La. Jan. 24, 2017) (citing *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)). "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Id.* (quoting *Johnston*, 523 F.3d at 609). Here, Plaintiffs' Complaint does not allege that Defendant had any contacts with the Middle District of Louisiana. And Plaintiffs bear the burden of establishing a prima facie case that the Court has jurisdiction over Defendant. *Electrostim Med. Servs., Inc. v. Blue Cross Blue Shield of La.*, No. 13-5071, 2013 WL 5819704, at *3 (E.D. La. Oct. 28, 2013) (citing *Johnston*, 532 F.3d at 609)). Thus, Plaintiffs have not met the difficult requirements of the continuous and systematic test. Accordingly, this Court does not have general jurisdiction over Defendant. Venue is therefore improper in the Middle District under 28 U.S.C. § 1391(b)(1) because there is no evidence, allegation, or other indication that Defendant "resides" in the Middle District.

Venue also is improper pursuant to option three of 28 U.S.C. § 1391(b) because there is another "district in which an action may otherwise be brought as provided" by the venue statue, *i.e.*, the District of Kansas. As such, the Court finds that venue in the Middle District of Louisiana is improper.

### 2. Whether the Action Should be Dismissed or Transferred

Pursuant to 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, a court may either dismiss the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the Court finds, and Plaintiffs have not contested, that venue is proper in the District of Kansas, where all of the events forming this basis of this litigation occurred, thereby establishing personal jurisdiction under 28 U.S.C. § 1391(b)(2). In addition, as noted by Defendant, it appears from Plaintiffs' Complaint that they intended to file their suit in the District of Kansas. For example, Plaintiffs allege in their Complaint that "[t]he Court has jurisdiction over Defendants because the unlawful acts alleged in this complaint were committed in Jackson County, Kansas, which lies in the District of Kansas."[15] Plaintiffs continue therein that "Defendant has minimum contacts with the District of Kansas and the State of Kansas."[16] Plaintiffs further claim: "Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in Jackson County, Kansas which lies within the District of Kansas, and because Defendant Walmart Inc. transacts business within the District of Kansas."[17] Additionally, Defendant has requested transfer of this case to the District of Kansas as an alternative to dismissal.[18] In the interest of justice, the Court will transfer this matter to the District of Kansas.

---

[15] R. Doc. 1 at 6 ¶ 6.
[16] *Id.*
[17] *Id.* ¶ 7.
[18] R. Doc. 17-1 at 8.

*Ricks*, 2017 WL 590293, at **10-11 (upon finding venue improper, the court, in the interest of justice, transferred case pursuant to 28 U.S.C. § 1406(a) to proper venue).

### III.   CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss for Improper Venue, or Alternatively, Motion to Transfer Venue to the United States District Court for the District of Kansas (R. Doc. 17) be **DENIED in part** and **GRANTED in part**. To the extent the Motion requests dismissal of Plaintiffs' action for improper venue, it is **DENIED**. To the extent the Motion requests transfer of Plaintiffs' action, it is **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this matter be transferred to the United States District Court for the District of Kansas.

Signed in Baton Rouge, Louisiana, on November 23, 2022.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**