IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRACEY MYLES, et al., | ) |
|           Plaintiffs, | ) |
| v. | ) Case No. 22-4069-DDC-ADM |
| WALMART, INC. d/b/a WALMART SUPECENTER #378, et al., | ) |
|           Defendants. | ) |

**ORDER**

This matter comes before the court on defendant Walmart, Inc. d/b/a Walmart Supercenter #378's ("Walmart") Motion to Stay Discovery. (ECF 30.) Walmart asks the court to stay the proceedings in this case, including discovery and the setting of deadlines, pending a ruling on Walmart's motion to dismiss (ECF 26). Pro se plaintiffs Bracey Myles and Alfreda Lang have not responded to the motion, and the time to do so has passed. The court grants Walmart's motion to stay discovery—both because it is unopposed and because Walmart sets forth sufficient reasons to warrant a stay.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Whether to

grant a stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, the court agrees with Walmart that a stay is appropriate. This is a unique situation in that plaintiffs have not appeared in this case since it was transferred to this court from the Middle District of Louisiana on December 21, 2022. As mentioned, plaintiffs did not respond to the motion to stay. Nor have plaintiffs responded to the motion to dismiss. Given plaintiffs' inaction, the court questions the extent to which they anticipate pursuing the case at this procedural juncture. Moreover, although the undersigned does not presume to know how the presiding district judge will decide the motion to dismiss, the court would typically grant the motion as unopposed under District of Kansas Rule 7.1(c). Rule 7.1(c) states that when a response to a motion is not timely filed, "the court will consider and decide the motion as an uncontested motion" and, ordinarily, "will grant the motion." Because the motion to dismiss asserts that plaintiffs' claims are barred in their entirety, this case may be finally concluded by the ruling on the motion. For these reasons, judicial economy weighs in favor of granting the motion to stay. Thus, the court will temporarily stay this case.

Plaintiffs are certainly welcome, however, to file a motion to lift the stay if they ultimately appear and indicate an intent to pursue their claims in this court post-transfer.

**IT IS THEREFORE ORDERED** that Walmart's Motion to Stay Discovery (ECF 30) is granted. Discovery, including the requirements of preparing a proposed scheduling order and exchanging initial disclosures under Federal Rule of Civil Procedure 26, is stayed pending further order of the court.

**IT IS FURTHER ORDERED** that if this case remains pending after the court decides the motion to dismiss and the stay is still in effect at that time, the parties must file a joint motion to

lift the stay within 14 days of the court's ruling.  Concurrent with the filing of their motion, the parties are directed to submit via email to the undersigned's chambers a proposed scheduling order, using the form order available on the court's website.  The court then will set the scheduling conference.

Dated February 2, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>Angel D. Mitchell<br>U.S. Magistrate Judge