## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRACEY MYLES and ALFREDA LANG,**

    **Plaintiffs,**

**v.**

**WALMART, INC., d/b/a WALMART SUPERCENTER #378,**

    **Defendants.**

**Case No. 22-4069-DDC-ADM**

## <u>MEMORANDUM AND ORDER</u>

After police officers stopped them outside a Walmart Supercenter in Holton, Kansas, pro se[1] plaintiffs Bracey Myles and Alfreda Lang sued defendant Walmart.  *See* Doc. 1.  Plaintiffs allege that Walmart racially profiled and falsely accused them of theft, violating 42 U.S.C. §§ 1981, 1982, 1983, and 1985; they also claim false imprisonment, defamation per se, and intentional infliction of emotional distress.  *Id.* at 14–26 (Compl. ¶¶ 27–67).

Defendant filed a Motion to Dismiss plaintiffs' claims (Doc. 26) and a Memorandum in Support (Doc. 27).[2]  After two show cause orders based on plaintiffs' failure to respond (Docs. 32, 35), plaintiffs filed a motion that the court construes as a Response to defendant's Motion to

---

[1] Because plaintiffs appear pro se, the court construes their pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court can't assume the role of their advocate.  *Id.*  Also, plaintiffs' pro se status does not excuse them from "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

[2] Although the case caption lists multiple Walmart entities as defendants, defendant refers to itself as a singular "Walmart," so this Order follows suit.  *See* Docs. 27, 39.  The Complaint also lists defendants "Does 1 and 2" who "were agents/employees for Defendant Walmart, Inc."  *See* Doc. 1 at 5 (Compl. ¶ 3).  The court includes these employees as a part of defendant Walmart.

Dismiss (Doc. 38).  Defendant replied (Doc. 39).  Plaintiffs also submitted a Supplemental

Response (Doc. 40).[3]  The motion is now fully briefed.  For reasons explained below, the court

grants defendant's Motion to Dismiss (Doc. 26) and dismisses this case.

## I.    Background

The following facts come from plaintiffs' Complaint.  Doc. 1.  The court accepts these

facts as true and views them in the light most favorable to plaintiffs, as the party opposing the

Motion to Dismiss.  *Doe v. Sch. Dist. No. 1*, 970 F.3d 1300, 1304 (10th Cir. 2020) (explaining

that on a motion to dismiss the court "accept[s] as true all well-pleaded factual allegations in the

complaint and view[s] them in the light most favorable to" the party opposing the motion

(citation and internal quotation marks omitted)).

On June 16, 2020, plaintiffs and their 3-month-old son visited a Walmart Supercenter in

Holton, Kansas.  Doc. 1 at 9 (Compl. ¶ 15).  That day, plaintiffs were the only African

Americans patronizing Holton's Walmart Super Center.  *Id.* at 11 (Compl. ¶ 22).  They planned

to buy groceries and baby formula.  *Id.* at 9 (Compl. ¶ 15).  Plaintiffs used the store's self-

checkout register to buy these items.  *Id.* at 10 (Compl. ¶ 16).  They paid for their groceries and

exited the store.  *Id.*  While loading the groceries into their car, two Jackson County Sheriff's

---

[3]      Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in
support), a response, and a reply.  Sur-replies typically are not allowed.  *Taylor v. Sebelius*, 350 F. Supp.
2d 888, 900 (D. Kan. 2004), *aff'd on other grounds*, 189 F. App'x 752 (10th Cir. 2006).  Rather, sur-
replies are permitted only with leave of court and under "rare circumstances."  *Humphries v. Williams
Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998) (citations and internal
quotation marks omitted).

The court construes plaintiffs' Supplemental Response as an improper sur-reply.  Plaintiffs
neither requested leave of court nor alleged any extraordinary circumstances.  And even if the court
permitted plaintiffs' Supplemental Response, it does not adequately address the merits of defendant's
Motion to Dismiss.  Plaintiffs' Supplemental Response misunderstands defendant's arguments by arguing
that defendant doesn't dispute the facts of the case.  But that's not right.  Defendant's Motion to Dismiss
asserts that *even if* the court accepts all the alleged facts as true, plaintiffs still have alleged insufficient
facts to establish a claim for relief.  Doc. 27.

Office deputies and one Holton Kansas Police Department officer approached them.  *Id.* (Compl. ¶ 17).

When plaintiff Myles saw the officers approach, he stepped away from the vehicle, and put his hands above his head.  *Id.* (Compl. ¶ 18).  The officers asked plaintiffs if they had a receipt for their groceries.  *Id.* (Compl. ¶ 19).  Plaintiff Lang responded, "Yes."  *Id.*  One officer then asked for the receipt, and she showed it to him.  *Id.*  That officer explained that they'd received a call from Walmart about a possible theft.  *Id.*

Officers detained plaintiffs for about 20 minutes while they investigated this theft allegation.  *Id.* at 11 (Compl. ¶ 20).  For those 20 minutes, plaintiffs had to leave their infant inside their car.  *Id.*  This incident caused plaintiffs' infant to develop heat rash.  *Id.*  Ultimately, the officers determined plaintiffs hadn't committed theft and informed plaintiffs that they could go.  *Id.*

After this interaction with the police officers, plaintiff Myles walked back into Walmart to make a formal complaint.  *Id.* (Compl. ¶ 21).  Officers followed him as he re-entered the store. *Id.*  Walmart employees denied him from making a complaint, and two employees told him that he needed to leave the store.  *Id.*  Then the officers told plaintiff Myles that he had to leave Walmart's property because these employees didn't want him on the premises.  *Id.*  Plaintiff Myles returned to his car and left.  *Id.*

Plaintiffs allege that because of defendant's conduct, plaintiff Myles's "employer relocated him and his family to Oklahoma City, Oklahoma for work where he suffered a significant reduction in pay."  *Id.* at 12–13 (Compl. ¶ 24).  Plaintiffs also allege that "after [they] were de facto trespassed from the Walmart Supercenter on June 16, 2020, [they] were left without any viable options to secure baby formula, diapers and other items for their infant child."

*Id.* And, plaintiffs claim, defendant's conduct caused them to suffer a plethora of injuries, including "great pain of mind and body, shock, emotional distress . . . loss of earnings . . . [and] expenses for medical and psychological treatment[.]" *Id.* at 13 (Compl. ¶ 25).

## II.   Legal Standard

Defendant seeks dismissal of plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) and 12(b)(1). The court provides each rule's governing legal standard, below.

### A.  Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows a party to move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a Rule 12(b)(6) motion to dismiss, the court must assume that the complaint's factual allegations are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B.  Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move the court to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of

citizenship.  28 U.S.C. §§ 1331–32.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  The party invoking federal jurisdiction bears the burden to establish it exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

## III.  Analysis

Defendant moves to dismiss all of plaintiffs' claims.  It asserts that plaintiffs' federal law claims fail to state a claim under Federal Rule 12(b)(6).  Then it argues that the court lacks subject matter jurisdiction over plaintiffs' state law claims under Federal Rule 12(b)(1).  The court addresses each argument, in turn, below.

### A.  Federal Law Claims

Plaintiffs allege that defendant's conduct violated four federal laws—42 U.S.C. §§ 1981, 1982, 1983, and 1985.  Doc. 1 at 14–21 (Compl. ¶¶ 27–51).  Defendant argues that plaintiffs' Complaint fails to plead a prima facie case for each law invoked by their claims.  Plaintiffs' Response (Doc. 38) fails to address or dispute defendant's arguments about any of the claims.[4]

---

[4]    In their Response, plaintiffs also argue that the court should deny the Motion to Dismiss because this lawsuit is missing parties—specifically, plaintiffs' child and the Holton police officer.  Plaintiffs assert that "[i]n accordance with Federal Rule 19, the court cannot accord complete relief among existing parties until the plaintiffs' child is required to be joined."  Doc. 38 at 3.  Plaintiffs ask the court to "consider the extent to which a judgment rendered in the plaintiffs' child's absence might prejudice existing parties."  *Id.*  Plaintiffs also ask the court to "allow a joinder of Holton Kansas police department to either party."  *Id.* at 5.

If plaintiffs wanted to sue these parties, then they simply should have sued them.  "The plaintiff is considered the 'master of the claim[.]'"  *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003) (citation and internal quotation marks omitted).  Plaintiffs have not asked to amend their Complaint.  And Rule 19 operates as a *defense* when a plaintiff fails to join an indispensable party.  *See* Fed. R. Civ. P. 12(b)(7).  So, the court will not deny defendant's Motion to Dismiss based on plaintiffs' failure to join other parties.

For that reason alone, the court could grant defendant's Motion to Dismiss. *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768 (10th Cir. 2001) (affirming district court's summary judgment against plaintiff's claim because plaintiff had "abandoned [the] claim by failing to address it in his response to defendants' motion for summary judgment"); *Loudon v. K.C. Rehab. Hosp., Inc.*, 339 F. Supp. 3d 1231, 1242 (D. Kan. 2018) (holding that plaintiff had abandoned claim by not responding to defendant's summary judgment arguments against the claim). But the court nonetheless evaluates the merits of defendant's arguments, and it dismisses each federal claim for failing to state a claim under Rule 12(b)(6).

### 1.   42 U.S.C. § 1981

Section 1981 provides that every American "shall have the same right . . . to make and enforce contracts[.]" Plaintiffs claim that defendant violated 42 U.S.C. § 1981 when it "detained Plaintiffs, without a factual basis, for an unreasonable amount of time and in an unreasonable manner, because of their race." Doc. 1 at 14 (Compl. ¶ 28). Defendant argues that plaintiffs fail to state a § 1981 claim because (1) defendant is a purely private actor, and (2) plaintiffs otherwise fail to allege the elements of a § 1981 claim. Doc. 27 at 5.

Defendant's first argument fails because § 1981 applies to private actors. *See Faragalla v. Douglas Cnty. Sch. Dist. RE 1*, 411 F. App'x 140, 148 (10th Cir. 2011) ("Section 1981 prohibits intentional race discrimination in the making and enforcement of contracts with both public and private actors." (citing 42 U.S.C. § 1981(a), (c)); *Hester v. Wal-Mart Stores, Inc.*, 356 F. Supp. 2d 1195, 1197 (D. Kan. 2005) (predicting the Tenth Circuit would hold that "state action is not required to state a claim under the 'full and equal benefit' clause of section 1981" and holding the same). But defendant's second argument—that plaintiffs fail to allege the

elements of a § 1981 claim—can carry the day at this motion to dismiss stage.  The court explains why, below.  But first, it recites the standard governing § 1981 claims.

"Section 1981 prohibits racial discrimination in 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"  *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995) (quoting 42 U.S.C. § 1981(a)–(b)) (footnote omitted).  To "establish a prima facie case of discrimination under § 1981, the plaintiff must show:

> (1) that the plaintiff is a member of a protected class;
>
> (2) that the defendant had the intent to discriminate on the basis of race; and
>
> (3) that the discrimination interfered with a protected activity as defined in § 1981."

*Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001) (footnote omitted).

Defendant argues that plaintiffs' § 1981 claim fails because plaintiffs, as a matter of law, can't establish the third prima facie element.  That's so, defendant argues, because plaintiffs fail to allege activity protected by the statute.

The Tenth Circuit has recognized that, although most § 1981 contract interference cases have "emanated from the right to make and enforce employment contracts[,]" courts also have applied the statute "to discrimination claims arising in the retail sector and restaurant industry, when a contract has been established."  *Hampton*, 247 F.3d at 1102 (first citing *Bobbitt v. Rage, Inc.*, 19 F. Supp. 2d 512, 518–20 (W.D.N.C. 1998); then citing *Washington v. Duty Free Shoppers, Ltd.*, 710 F. Supp. 1288, 1289–90 (N.D. Cal. 1988)).  *See also Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1278 (10th Cir. 2007) ("All courts to have addressed the issue have held that a customer's offer to do business in a retail setting qualifies as a 'phase[ ]

7

and incident[ ] of the contractual relationship' under § 1981[.]"). So, a retailer's sale of groceries *could* suffice as a basis for a § 1981 claim, if plaintiffs allege facts supporting a claim that defendant had impaired their right to make or enforce a contract. Here, they didn't.

Instead, plaintiffs' discrimination claims arise from allegations that Walmart employees called the police to investigate plaintiffs about a potential theft. Defendant argues that it never denied plaintiffs the opportunity to contract because—according to the Complaint—plaintiffs bought their groceries then left defendant's store. *See* Doc. 27 at 5 (citing Doc. 1 at 10 (Compl. ¶ 16)). And, defendant argues, by the time plaintiffs interacted with officers outside of the store, "no contractual relationship [between the parties] remained." *Id.*

The court agrees with defendant. Plaintiffs fail to allege facts to support any claim that defendant interfered in their 'making, performance, modification, and termination' of a contract or deprived them of "'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Reynolds*, 69 F.3d at 1532 (quoting 42 U.S.C. § 1981(a)–(b)). A claim for interference with the right to make and enforce a contract under § 1981 "'must involve the actual loss of a contract interest, not merely the possible loss of future contract opportunities.'" *Hampton*, 247 F.3d at 1104 (quoting *Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1200 (D. Kan. 1999)). To satisfy this standard, a plaintiff must allege facts showing that plaintiff "was *actually prevented* from making a purchase." *Chambers v. Simon Prop. Grp., L.P.*, No. 12-1179-EFM, 2013 WL 1947422, at *3 (D. Kan. May 10, 2013) (citation and internal quotation marks omitted); *see also Lewis v. Commerce Bank & Tr.*, 333 F. Supp. 2d 1019, 1022 (D. Kan. 2004) (explaining that a plaintiff must allege that he was unable to *complete* a sales transaction to state a contract-clause claim under § 1981 in the retail setting).

Here, plaintiffs never allege that defendant prevented them from purchasing groceries from its store.  Plaintiffs' factual allegations—all taken as true—support a claim that defendant initiated a police investigation after the parties' contractual relationship had ended.  And our Circuit has explained that "evidence of discriminatory surveillance . . . on its own is not actionable under § 1981[.]"  *Hampton*, 247 F.3d at 1108–09.  Plaintiffs allege that after the incident, they "were left without viable options to secure baby formula, diapers and other items for their infant child."  Doc. 1 at 12–13 (Compl. ¶ 24).  But this allegation does not show that defendant "*actually prevented* [plaintiffs] from making a purchase."  *Chambers*, 2013 WL 1947422, at *3 (citation and internal quotation marks omitted).  Thus, plaintiffs fail to allege facts sufficient to support protected activity under § 1981.  The court dismisses plaintiffs' § 1981 claim for this reason.

### 2.  42 U.S.C. § 1982

Next, defendant asks the court to dismiss plaintiffs' § 1982 claim.  Section 1982 declares that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

Defendant argues that plaintiffs can't establish that defendant deprived them of any property as a matter of law.  Again, that's so, because plaintiffs claim that they purchased their items and left Walmart.  *See* Doc. 1 at 10 (Compl. ¶ 16).  The court again agrees with defendant.  Plaintiffs never claim that defendant prevented them from purchasing property or took property from them.  In response to this argument, plaintiffs assert that they were "subject to abuse of process by defendant[.]"  Doc. 38 at 4 (emphasis omitted).  But "abuse of process" isn't a property right recognized under 42 U.S.C. § 1982.  *See Davis v. City of Aurora ex rel. City*

*Council*, No. 08-CV-002107-PAB-MJW, 2011 WL 2799539, at *4 (D. Colo. July 14, 2011) (collecting cases and explaining that although "a wide array of interests qualify as 'property interests' for purposes of § 1982," plaintiff's asserted property right—the ability to market a property to potential black buyers—didn't fall within the reach of § 1982 where "Congress [had] provided other potential mechanisms for a broker to challenge discriminatory acts.").  Construed broadly, plaintiffs invoke due process, but § 1983 covers due process claims.  Here, plaintiffs never allege that defendant deprived them of "real and personal" property within the scope of § 1982.  *See* 42 U.S.C. § 1982.  For these reasons, the court concludes that plaintiffs fail to state a claim under § 1982.  Thus, it dismisses this claim.

### 3.   42 U.S.C. § 1983

Next, defendant argues that plaintiffs fail to state and—based on the alleged facts—can't establish a prima facie case under § 1983.  The Complaint alleges that defendant Walmart "acting through its agents and employees, and by requesting assistance from and acting through the police, and by utilizing state criminal and merchant statutes, deprived Plaintiffs of their Constitutional rights while acting under the color of state law, in violation of §1983."  Doc. 1 at 18 (Compl. ¶ 41).

To state a § 1983 claim, "the challenged conduct must constitute state action."  *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).  Here, plaintiffs didn't sue any state actors; they only sued Walmart.  *See* Doc. 1 at 5 (Compl. ¶¶ 2–3).  Conduct of a private defendant qualifies as state action only if it's "fairly attributable to the State."  *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citation and internal quotation marks omitted).  And as our Circuit has explained, private conduct is "fairly attributable to the state" when two conditions are met:

"First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for

whom the state is responsible.  Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State."

*Scott*, 216 F.3d at 906 (quoting *Pino*, 75 F.3d at 1465) (further internal quotations and citations omitted).[5]

"State action is . . . present if a private party is a 'willful participant in joint action with the State or its agents.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27, (1980)).  "To sufficiently allege joint action, the allegations must evidence a 'specific goal to violate the plaintiff's constitutional rights by engaging in a particular course of action.'" *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1264 (D. Kan. 2008) (quoting *Gallagher*, 49 F.3d at 1455). And where plaintiffs allege "conduct under color of state law by implicating state officials in a conspiracy with private defendants, 'mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.'" *Id.* at 1263 (quoting *Raiser v. Kono*, 245 F. App'x 732, 736 (10th Cir. 2007) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983))).

Plaintiffs' § 1983 claim fails to allege that Walmart, a private party, acted together with the state or received significant aid from state police officers to commit alleged constitutional violations.  Plaintiffs generally allege that defendant "by requesting assistance from and acting

---

[5]      The Tenth Circuit has recognized four tests to determine whether a private party's action qualifies as state action:  1. The Nexus Test—state action exists where a "sufficiently close nexus" between the challenged action of defendant and the state exists, so that the court fairly could treat defendant's action as action by the state itself; 2. Symbiotic Relationship—state action exists where the state acts in "a position of interdependence" with a private party; 3. Joint Action—state action is present where a private party participates in joint action with the state or its agents; and 4. Public Function—if a state delegates a traditional state function to a private party, that private party qualifies as a state actor.  *Gallagher*, 49 F.3d at 1447–57 (citations and internal quotation marks omitted).  Based on the facts alleged here, only the "Joint Action" test could possibly apply.

through the police" deprived plaintiffs of their constitutional rights.  *See* Doc. 1 at 18 (Compl. ¶ 41).  But the Complaint doesn't plausibly allege joint action by Walmart and the state *or* a constitutional violation.

Plaintiffs allege that three police officers approached them in the Walmart parking lot while they loaded groceries into their car.  *Id.* at 10 (Compl. ¶ 17).  One officer told plaintiffs that Walmart had called them about a theft.  *Id.* (Compl. ¶ 19).  The officers detained plaintiffs for about 20 minutes to investigate the alleged theft.  *Id.* at 11 (Compl. ¶ 20).  They determined that plaintiffs hadn't committed a crime and informed them they were free to go.  *Id.*  When plaintiff Myles attempted to reenter Walmart to complain, two Walmart employees told him he needed to leave the store, and officers told him he had to leave Walmart's property.  *Id.* (Compl. ¶ 21).

Plaintiffs' broad allegations don't support the contention that Walmart or the police officers acted with a 'specific goal' to violate plaintiffs' constitutional rights.  *See Fisher*, 531 F. Supp. 2d at 1264 (quoting *Gallagher*, 49 F.3d at 1455).  Plaintiffs simply allege that Walmart called the police to investigate a suspected theft.  According to the Complaint, the officers then investigated.  Plaintiffs never allege that any Walmart employee or agent ever suggested that Walmart suspected plaintiffs had committed the suspected theft.  That investigation determined that plaintiffs hadn't stolen any groceries from Walmart, and the officers told plaintiffs they were free to leave.  That's not enough to demonstrate joint action between Walmart and state officials.  *See Scott*, 216 F.3d at 906 ("A private individual does not engage in state action simply by availing herself of a state procedure."); *Carey v. Cont'l; Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987) (holding that reporting an individual's conduct to police didn't constitute state action simply because the officer later arrested that individual).  The "Tenth Circuit has held that the

mere furnishing of information to state officials by a private actor does not constitute 'joint action' under section 1983." *Taliaferro v. Voth*, 774 F. Supp. 1326, 1331 (D. Kan. 1991) (citing *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983).  Our Circuit also has held that "[g]enerally, merchants are not considered to be acting under color of law for purposes of [§] 1983 when they detain a person suspected of shoplifting or other crimes, call the police, or make a citizen's arrest."  *Jones v. Wal-Mart Stores, Inc.*, 33 F.3d 62 (table), No. 93-5240, 1994 WL 387887, at *3 (10th Cir. 1994).  For these reasons, the court concludes that plaintiffs fail to state a claim under § 1983.

### 4.   42 U.S.C. § 1985

Last, defendant argues that plaintiffs fail to state a prima facie case for a § 1985 claim. Plaintiffs allege that defendant, "acting through its agents and employees, conspired with others to interfere with Plaintiffs' civil rights, as enjoyed by Caucasian citizens, in violation of 42 U.S.C. §1985."  Doc. 1 at 20 (Compl. ¶ 47).  To plead a viable conspiracy claim under § 1985(3), a plaintiff must allege:  "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and, (4) and injury or deprivation resulting therefrom."  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

"The first element, a conspiracy, 'requires the combination of two or more persons acting in concert.'"  *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (quoting *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990)).  To plead this first element, plaintiffs "must allege, 'either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants.'"  *Id.* (quoting *Abercrombie*, 896 F.2d at 1231). Plaintiffs advance purely conclusory allegations of conspiracy, and thus fail to state a plausible § 1985 claim.  Plaintiffs didn't plead any facts capable of supporting a finding or inference of a

"meeting of the minds" between Walmart employees and the police officers; or agreement between anyone associated with defendant to conspire to violate plaintiffs' constitutional rights. Plaintiffs' "mere conclusory allegations" can't survive defendant's Motion to Dismiss. *See Hogan v. Winder*, 762 F.3d 1096, 1114 (10th Cir. 2014) (affirming dismissal of a § 1985(2) conspiracy claim) ("While more than mere conclusory allegations are required to state a valid claim, the nature of conspiracies often makes it impossible to provide details at the pleading stage . . . .   Nonetheless, a claim fails when the complaint does not allege either that the defendant's actions in some way were designed to intimidate or deter the plaintiff from appearing in a judicial proceeding or to injure a person for appearing in court.") (citations and internal quotation marks omitted).

For these reasons, the court dismisses plaintiffs' four federal law claims.  Next, in part B, the court turns to the state law claims.

### B.  State Law Claims

In addition to the four federal law claims, plaintiffs allege state tort claims for false imprisonment, defamation per se, and intentional inflection of emotional distress. *See* Doc. 1 at 14–26 (Compl. ¶¶ 27–67).  Defendant urges the court to decline supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367(c)(3).  The court does so, for two reasons, and dismisses these state law claims without prejudice.

*First*, plaintiffs failed to respond to defendant's argument that the court lacks subject matter jurisdiction over plaintiffs' state law claims under Rule 12(b)(1).  Thus, plaintiffs conceded this argument.  *See Hinsdale*, 19 F. App'x at 768 (affirming district court's summary judgment against plaintiff's claim because plaintiff had "abandoned [the] claim by failing to address it in his response to defendants' motion for summary judgment"); *Loudon*, 339 F. Supp.

3d at 1242 (holding that plaintiff had abandoned claim by not responding to defendant's summary judgment arguments against the claim).

*Second*, because the court grants the Motion to Dismiss all of plaintiffs' federal claims, the court may decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [when] the district court has dismissed all claims over which it has original jurisdiction."). Defendant's Motion to Dismiss asks the court to decline supplemental jurisdiction over plaintiffs' state law claims and dismiss those claims without prejudice.

The decision whether to exercise supplemental jurisdiction in this circumstance is committed to the district court's sound discretion. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004). Although the decision is a discretionary one, the Tenth Circuit has expressed the preference that a district court decline jurisdiction over state law claims when it dismisses all the federal claims. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims." (emphasis added)).

The Supreme Court has directed district courts—when deciding whether to exercise supplemental jurisdiction over state law claims—to consider "the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) ("[W]e have said the court should consider retaining state claims when, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." (citation and internal quotation marks omitted)).

Exercising its discretion, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. This result isn't unfair to plaintiffs.[6] Thus, the court dismisses these claims without prejudice.

## IV.   Conclusion

The court dismisses all of plaintiffs' claims. Plaintiffs' federal claims are dismissed without prejudice.[7] Because the court declines to exercise jurisdiction over plaintiffs' state law claims, it dismisses those claims without prejudice. These rulings conclude all the claims at issue in the case. The court thus directs the Clerk of the Court to enter Judgment for defendant and close the case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 26) is granted.

---

[6]     Plaintiffs' state law claims appear actionable in state court. 28 U.S.C. § 1367 tolls the statute of limitations for state law claims while they are pending in federal court and for 30 days after they are dismissed "unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010), *abrogated on other grounds by Torres v. Madrid*, 141 S. Ct. 989 (2021). Kansas's "saving statute" affords a plaintiffs six months to commence a new action if an earlier, timely action has failed "otherwise than upon the merits[.]" Kan. Stat. Ann. § 60-518. A dismissal "otherwise than upon the merits" includes a dismissal without prejudice. *Rogers v. Williams, Larson, Voss, Strobel & Estes*, 777 P.2d 836, 839 (Kan. 1989).

        In sum, nothing known to the court would prevent plaintiffs from refiling their state law claims in Kansas state court, so long as they comply with the tolling requirements. The Kansas state courts also provide the same level of convenience and fairness as federal courts. And, importantly, comity strongly favors dismissal. Kansas state courts have a strong interest in deciding matters involving purely state law claims such as the tort claims asserted here. *Brooks*, 614 F.3d at 1230 ("'[N]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995))).

[7]     The district court has discretion to decide whether to dismiss an action with or without prejudice. *Brown v. Baeke*, 413 F.3d 1121, 1123–24 (10th Cir. 2005). Reversal requires a clear abuse of discretion. *Id.* The court exercises this discretion and dismisses without prejudice for three reasons. First, defendant's Motion to Dismiss did not request to dismiss plaintiffs' claims with prejudice. Doc. 26. Second, dismissal with prejudice would unfairly prejudice pro se plaintiffs if they later retain counsel. And third, plaintiffs possibly could allege additional facts regarding defendant's alleged discriminatory acts.

**IT IS SO ORDERED.**

**Dated this 18th day of August, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
