IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRACEY MYLES and ALFREDA LANG,

              Plaintiffs,

v.

WALMART, INC., d/b/a WALMART SUPERCENTER #378,

              Defendant.

Case No. 22-4069-DDC

### MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff[1] Bracey Myles's filing titled: "Request for Entry of Specialized order to dismiss Motion For New Trial, and Memorandum In Support of Motion For Relief Pursuant to Title 14 and FRCP. Rule 60" (Doc. 54). The filing followed the court's Order dismissing plaintiffs' case on August 18, 2023—a result Mr. Myles appealed on February 18, 2024. The Tenth Circuit denied his appeal as untimely, and Mr. Myles then filed Doc. 54. Liberally interpreting this filing, the court treats Mr. Myles's filing as one seeking relief from this court's judgment in the hope of restarting the appeal clock. With this presumed goal in mind, along with Doc. 54's reference to Rule 60, the court construes Mr. Myles's filing as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b).

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Even as liberally construed, Mr. Myles's motion nevertheless fails because it establishes neither the excusable neglect nor the extraordinary circumstances that would justify relief from judgment. And even if it did, the deadline to reopen the time to file an appeal has also passed.

I.     **Background**

Plaintiffs Bracey Myles and Alfreda Lang claim that defendant Walmart racially profiled and falsely accused them of theft, violating 42 U.S.C. §§ 1981, 1982, 1983, and 1985; they also claim false imprisonment, defamation per se, and intentional infliction of emotional distress. Doc. 1 at 14–26 (Compl. ¶¶ 27–67). The court dismissed their Complaint on August 18, 2023, for failure to state a claim. Doc. 41.

On February 18, 2024, Mr. Myles filed a Notice of Appeal (Doc. 47) and appealed the court's Order to the Tenth Circuit Court of Appeals. *See* Doc. 50. The Tenth Circuit dismissed plaintiff's appeal because it was untimely. The Circuit explained, Fed. R. App. P. 4(a)(1)(A) requires a party to file a notice of appeal "within 30 days after the entry of judgment or order appealed from." Doc. 51 at 2. Because Mr. Myles "did not file the notice of appeal until February 18, 2024, 153 days after the deadline to appeal the judgment passed," the Circuit lacked jurisdiction to consider the appeal. *Id.*

On February 28, 2024, Mr. Myles filed the current motion: "Request for Entry of Specialized order to dismiss Motion For New Trial, and Memorandum In Support of Motion For Relief Pursuant to Title 14 and FRCP. Rule 60" (Doc. 54). The motion includes no information other than the case caption and this title.

On March 7, 2024, Mr. Myles filed a second Notice of Appeal (Doc. 55). The Tenth Circuit dismissed this appeal as well, because, like the first appeal, Mr. Myles's appeal was untimely. And, the circuit explained "Mr. Myles is not entitled to a second appeal of the same order." Doc. 58 at 1.

The court addresses Doc. 54 by, *first*, evaluating it as a Rule 60(b) motion and, *second*, establishing it as untimely.

## II.        Plaintiffs' Filing as a Rule 60(b) Motion

The court construes Doc. 54 as a Rule 60(b) Motion for Relief from Judgment. Under Fed. R. Civ. P. 60(b), "the court may relieve a party . . . from a final judgment" under six conditions, only two of which possibly could apply here—60(b)(1) (which provides relief for "excusable neglect") and 60(b)(6) (which warrants relief for "any other reason that justifies" it). The excusable neglect factors under Rule 60(b)(1) include whether there is a "danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (internal quotation marks, citation, and brackets omitted). A court also may consider whether the neglect "was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)[.]" *Id.* at 857.

Rule 60(b)(6), on the other hand, is a catchall provision. *Gaddy v. Church of Jesus Christ of Latter-day Saints*, No. 2:19-CV-00554, 2023 WL 4763981, at *6 (D. Utah July 26, 2023). "Courts are instructed to grant relief under this provision only in 'extraordinary circumstances and only when such action is necessary to accomplish justice.'" *Id.* (quoting *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996)). And, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted).

Here, Mr. Myles's motion provides no explanation for his tardy filing. *See* Doc. 54. And this episode adds another data point to Mr. Myles's broader failure to meet filing deadlines. *See,*

3

*e.g.*, Doc. 32 (Order to Show Cause for plaintiffs' failure to respond timely to defendant's Motion to Dismiss); Doc. 35 (Second Order to Show Cause for plaintiffs' failure to respond timely to defendant's Motion to Dismiss); *Jennings*, 394 F.3d at 857.  The court thus concludes that plaintiffs' lack of compliance is not excusable neglect warranting relief under Rule 60(b)(1).

Nor do plaintiffs' circumstances warrant relief under Rule 60(b)(6).  While the court is mindful that plaintiff is a pro se litigant, the Tenth Circuit requires pro se parties to play by the same procedural rules that govern other litigants.  And missing the filing deadline, absent any excuse, hardly counts as an "extraordinary circumstance" warranting relief.  *In re Gledhill*, 76 F.3d at 1080.  The court thus denies plaintiffs' motion.

But even if plaintiffs had satisfied the Rule 60 requirements, any further attempts to appeal to the Circuit court would prove futile.  Plaintiffs simply didn't meet the new, hypothetical deadline which his recent filing tried—in vain—to create.

**III.     Plaintiffs' Motion is Untimely**

Alternatively, the court might construe the document as a Motion to Reopen plaintiffs' time to file their appeal.

Under the Federal Rules of Appellate Procedure, an appellant must file a notice of appeal in a civil case "within 30 days after the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  This 30-day period may be tolled by filing a timely Rule 60(b) motion.  Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *see also Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).  A district court "may extend the time to file a notice of appeal" if the party seeking to appeal moves for an extension "no later than 30 days after" the time to appeal has expired and "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A); *see also Quintana v. Wirthlin*, No. 23-4062, 2023 WL 4628767, at *1 (10th Cir. May 12, 2023) ("Only the district court may [extend the time for filing a notice of appeal] and only under limited circumstances

4

and for a limited time." (citations and internal quotation marks omitted)), *cert. denied*, 144 S. Ct. 243 (2023). Here, both the periods for filing a Rule 60(b) motion that would toll the time to appeal and the one within which the court may grant an extension to appeal under Fed. R. App. P. 4(a)(5) have expired.

But, an exception exists under Fed. R. App. P. 4(a)(6). That rule provides that a district court

> may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6); *see also* 28 U.S.C. § 2107(c) ("[T]he district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice . . . reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."). Whether to reopen the time to appeal when the conditions under Rule 4(a)(6) are satisfied is within the district court's discretion. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). And, the party seeking to reopen the time to appeal—here, Mr. Myles—bears the burden to show compliance with Fed. R. App. P. 4(a)(6)'s requirements. *Portley-El v. Milyard*, 365 F. App'x 912, 916 (10th Cir. 2010).

While pro se pleadings are liberally construed, pro se litigants are obligated to comply with a court's procedural rules like the one governing timely appeals. *See Ogden*, 32 F.3d at 455. Mr. Myles has not established that he meets Fed. R. App. P. 4(a)(6)'s requirements. He

doesn't assert that he had failed to "receive notice . . . of the entry of the judgment or order sought to be appealed[.]" Fed. R. App. P. 4(a)(6)(A). And, even if he had so asserted, Mr. Myles filed his motion (Doc. 54) 194 days after the court entered judgment against him, exceeding the 180-day limit in Fed. R. App. P. 4(a)(6)(B). *See* Doc. 42. So, the court concludes, Mr. Myles has not satisfied his burden to show compliance with Fed. R. App. P. 4(a)(6)'s requirements. The court thus denies Mr. Myles's motion to the extent that it seeks to reopen the time to file an appeal.

## IV. Conclusion

In sum, plaintiffs' motion, liberally construed, fails because it establishes neither excusable neglect nor extraordinary circumstances. And, even if it did, plaintiffs missed any new window to restart the appeal clock. The court thus denies plaintiffs' motion.

**IT IS THEREFORE ORDERED THAT** plaintiffs' "Request for Entry of Specialized order to dismiss Motion For New Trial, and Memorandum In Support of Motion For Relief Pursuant to Title 14 and FRCP. Rule 60" (Doc. 54) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of April, 2024, at Kansas City, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**